IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| SAM WAITS, JR. #04000 | § | PETITIONER |
| | § | |
| v. | § | Civil Action No. 3:13cv454TSL-JCG |
| | § | |
| RONALD KING | § | RESPONDENT |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Sam Waits, Jr. ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed July 22, 2013. On September 13, 2013, Ronald King ["Respondent"] filed a Response [8] to the instant Petition. Having considered the Petition, Response, pleadings, records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## I. FACTS AND PROCEDURAL HISTORY

On November 26, 2012, Petitioner Sam Waits, Jr., through his counsel, filed a Petition to Enter Guilty Plea [8-1], to charges of "Sale of Cocaine as a Subsequent Drug Offender" in violation of MISS. CODE ANN. § 41-29-147, in the Circuit Court of Rankin County, Mississippi. The trial court granted the Petition, and on December 3, 2012, imposed a term of sixty [60] years in the custody of the Mississippi Department of Corrections. The sentence further provided that upon Petitioner completing thirty [30] years as to Count I and one [1] day as to Count II, he was to

be released on post-release supervision with five [5] years of supervised release. R.
[8-2], pp. 2-3.

On March 25, 2013, Petitioner filed a Motion for Post Conviction Relief
["PCR"], in the Circuit Court of Rankin County, asserting the following as error:

(1)     WHETHER THE PETITIONER IS ENTITLED TO RE-
        SENTENCING BASED ON THE FACTS AND CIRCUMSTANCES
        SURROUNDING HIS HEALTH

(2)     WHETHER THE PETITIONER IS ENTITLED TO RE-
        SENTENCING BASED ON THE AMOUNT OF DRUGS HE IS
        ACCUSED OF SELLING, OR IS HE ENTITLED TO A PAROLE
        DATE

Petitioner's PCR Mot. [8-3], att. as Ex. "C" to Def.'s Resp.

On April 3, 2013, the trial court, following review of the transcript of
Petitioner's guilty plea colloquy, dismissed Petitioner's PCR Motion pursuant to
MISS. CODE ANN. § 99-39-11(2), as amended.[1]  R. [9-1], p. 31.  On May 17, 2013,
Petitioner filed a Notice of Appeal, Designation of Record, and Certificate of
Compliance in the Circuit Court of Rankin County. R. [9-1], pp. 21-24.

Following Petitioner's appeal being directed to the Mississippi Supreme
Court, a Show Cause Notice was issued on May 24, 2013.   The Supreme Court
directed Petitioner to "show cause as to why his appeal should not be dismissed as

---

[1] Section 99-39-11(2) provides for judicial examination of post-conviction motions
and records: "[i]f it plainly appears from the face of the motion, any annexed
exhibits and the prior proceedings in the case that the movant is not entitled to any
relief, the judge may make an order for its dismissal and cause the petitioner to be
notified."  MISS. CODE. ANN. § 99-39-11 (2), as amended.

untimely" and required him to file a "written response to this notice within 14 days following the date of this notice . . . ." R. [9-1], p. 14.  Petitioner filed a Response to the Show Cause on June 14, 2013. R. [9-1], pp. 7-11.   On June 20, 2013, the Mississippi Court of Appeals dismissed Petitioner's Appeal as untimely filed. R. [9-1], p. 3.

On July 22, 2013, Petitioner filed the instant § 2254 Application asserting the following violations of his constitutional rights:

(1)     DENIAL OF RIGHT TO APPEAL

(2)     WHETHER THE PETITIONER IS ENTITLED TO RE-SENTENCING BASED ON THE FACTS AND CIRCUMSTANCES SURROUNDING HIS HEALTH

(3)     WHETHER THE PETITIONER IS ENTITLED TO RE-SENTENCING BASED ON THE AMOUNT OF DRUGS HE IS ACCUSED OF SELLING, OR IS HE ENTITLED TO A PAROLE DATE

§ 2254 Petition [1], pp. 5-10.

The State of Mississippi requests dismissal of the Petition arguing that:

> Waits no longer has an available state court remedy through which to properly exhaust his claims because any further appeal would be procedurally barred.  Because Waits has failed to present these claims to the state's highest court, thus giving the state a fair opportunity to pass on them, these claims are procedurally barred from federal review under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice.

Answer [8-1], p. 5.

Respondent emphasizes that Petitioner's appeal was dismissed by the state court as untimely and Petitioner has not shown "cause" for his failure to timely file his appeal.

Respondent further contends that the "fundamental miscarriage of justice" is inapplicable to the present case inasmuch as Petitioner does not profess actual innocence nor has he produced any evidence to undermine the validity of his plea. *Id.* at p. 7.

## II. <u>DISCUSSION</u>

A.    <u>FAILURE TO EXHAUST</u>

Petitioner claims that he did not exhaust his state remedies because his "right to appeal was denied due to prison official error." Petition [1], p. 5. He further argues that he was unable to timely file his Notice of Appeal with the Mississippi Supreme Court due to becoming "very ill resulting in him receiving a pacemaker for his heart." *Id.* at p. 13.

Pursuant to 28 U.S.C. § 2254, as amended:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

In order for this Court to grant habeas relief, a Petitioner must first exhaust all of his claims in state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Whether

an applicant has exhausted state remedies is a question of law. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

In order to satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Wilder,* 274 F.3d at 259; *see also Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997). Additionally, § 2254(c) provides as follows: "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985) ("inmate seeking federal habeas relief . . . will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court through collateral review provided by state habeas procedures.")

A procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991)). "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v.*

*Anderson,* 238 F.3d 631, 634 (5th Cir.2001) (citing *Coleman v. Thompson,* 501 U.S. 722 (1991)).

> We presume the adequacy and independence of a state procedural rule when the state court expressly relies on it in deciding not to review a claim for collateral relief, as the Mississippi Supreme Court did here. *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). The presumption of adequacy can be rebutted in certain circumstances, however, if the state's procedural rule is not "strictly or regularly followed." *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) (citations and internal quotation marks omitted); *see Hathorn v. Lovorn,* 457 U.S. 255, 263, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982) ("State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims.").

*Sones v. Hargett*, 61 F.3d 410, 416-17 (5th Cir. 1995).

The record in the present case clearly indicates that Petitioner is unable to return to the courts of Mississippi in order to cure the exhaustion defect contained in his federal habeas petition since he is barred from filing a second or successive habeas petition under Mississippi Code Annotated §§ 99-39-23(6) and 99-39-27(9). "If it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Id*. at 416 (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (internal quotations omitted)).

In the present case, Petitioner had a thirty [30] day deadline for filing an appeal from the trial court to the Mississippi Supreme Court. This procedure is governed by Rule 4 of the Mississippi Rules of Appellate Procedure:

**Rule 4. Appeal as of Right--When Taken**
Except as provided in Rules 4(d) and 4(e), in a civil or criminal case in

which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. If a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.

M.R.A.P. 4 (a).

Rule 4 has been consistently and repeatedly applied and enforced by the Mississippi courts and as such is an adequate and independent state ground.

> For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claims must explicitly rely on a state procedural rule to dismiss the petitioner's claims. *Sones,* 61 F.3d at 416. The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id.* The petitioner, however, can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id.* Even if the state procedural rule is strictly and regularly followed, the defendant still can prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Moore v. Roberts* 83 F.3d 699 (5th Cir. 1996); (citing *Sones,* 61 F.3d at 416); Miss. Code Ann. § 99-39-23(6) and 99-39-27(9).

Petitioner need not return to the state courts to determine if his claims are procedurally defaulted since the state court dismissed his appeal as untimely, and M.R.A.P. 4 is consistently followed.   Because Petitioner failed to timely exercise his right to appeal, he has now forfeited it through procedural default.

B.   <u>CAUSE AND PREJUDICE AND FUNDAMENTAL MISCARRIAGE OF JUSTICE</u>

In order to overcome the procedural default and in order for this Court to

consider his claims, Petitioner must demonstrate both "cause" for the default and actual "prejudice" resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered. *Coleman v. Thompson*, 501 U.S. at 750. A habeas petitioner may show cause by demonstrating that there was something "external to the petitioner, something that cannot fairly be attributed to him" which prevented him from complying with the state procedural rules. *Id.* at 753.

In the present case, Petitioner contends that his age, a medical procedure, and his overall health prevented him from timely filing a notice of appeal in the state court. The record does not support Petitioner's argument. There are no medical records or other evidence corroborating Petitioner's claim that he was being medically treated and was otherwise unable to timely file a notice of appeal to the Mississippi Supreme Court. Absent a showing of cause, it is unnecessary to address whether actual prejudice exists. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Moreover, Petitioner has neither asserted his actual innocence, nor argued that a "fundamental miscarriage of justice" will occur if the procedural default is applied. The "fundamental miscarriage of justice" exception is triggered only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). A claim of innocence is thus "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513

U.S. 298, 315 (1995) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  Petitioner

must support such a fundamental miscarriage of justice allegation with new

reliable evidence that has not been presented.  *Schlup*, 513 U.S. at 324; *see also*

*Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013)).

The undersigned has examined the record submitted in connection with the

instant Petition, and concludes that because Petitioner has failed to present any

new evidence to provide a colorable showing of innocence, his Petition satisfies none

of the exceptions to the procedural default.  Therefore, this Court is barred from

reviewing the instant habeas petition.

## III. <u>RECOMMENDATION</u>

Having considered the Petition, Response, the record, and the relevant legal

authority, the undersigned United States Magistrate Judge recommends that

Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied, and the

Application for Writ of Habeas Corpus [1] filed by Petitioner Sam Waits, Jr.

pursuant to 28 U.S.C. § 2254 be dismissed.

## IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and
> recommendations, each party has fourteen days to serve and
> file written objections to the report and recommendations.
> A party must file objections with the clerk of court and serve
> them upon the other parties and submit them to the
> assigned district judge.  Within seven days of service of the
> objection, the opposing party or parties must either serve
> and file a response or notify the district judge that they do

not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 22nd day of July, 2015.

*s/ John C. Gargiulo*
**JOHN C. GARGIULO**
**UNITED STATES MAGISTRATE JUDGE**

-10-